IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY J. CHAIN, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 18-4610 |
| v. | : | |
| DEBORAH J. GROSS and FIRST COMMONWEALTH FCU, | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                                                     October 31, 2018

The instant case involves a *pro se* plaintiff seeking to proceed *in forma pauperis* in a civil action in which he attempts to sue a bank and a bank employee because they allegedly froze his bank account. Although the plaintiff asserts that the defendants have violated his rights under the Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution, he has failed to include any factual allegations raising a plausible claim that the defendants acted under color of state law as required by 42 U.S.C. § 1983. In addition, to the extent that the plaintiff has attempted to assert any state-law tort claims against the defendants, he has not included sufficient allegations demonstrating that the parties are completely diverse so as to invoke this court's subject-matter jurisdiction. Accordingly, although the court will grant the plaintiff leave to proceed *in forma pauperis*, the court will dismiss the complaint.

### I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, Jeremy J. Chain ("Chain"), commenced this action by filing an application for leave to proceed *in forma pauperis* (the "IFP Application"), a proposed complaint, and a separate "Statement of Facts" on October 25, 2018. *See* Doc. Nos. 1–3. In the

complaint, Chain asserts that this court has subject-matter jurisdiction because he is presenting federal questions under the Eighth, Thirteenth, and Fourteenth Amendments. *See* Compl. at 2, Doc. No. 2.

Chain claims that the defendants, Deborah J. Gross ("Gross") and First Commonwealth FCU, froze his account on October 16, 2018, and he now has no way of retrieving his money to feed his children and pay child support. *See* Statement of Facts at 1, Doc. No. 3.[1] He also complains that Gross is abusing her authority by extorting, harassing, and oppressing him for the money. *See id.* He apparently attempted to contact Gross to work out a payment plan, but she rejected his proposal. *See id.* Chain seeks five million dollars in damages (with interest) and an order requiring the defendants to release his bank account and stop harassing him. *See* Compl. at 4. He also "wants the defendant[s] to be held to the full capacity of the law and also under the color [of] law official capacity, private capacity and personal capacity." Statement of Facts at 1.

## II. DISCUSSION

### A. The IFP Application

Regarding applications to proceed *in forma pauperis*,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. *Deutsch*[ *v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in

---

[1] Chain incorporates this statement of facts into the complaint. *See* Compl. at 3.

federal court in *forma pauperis* by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit. *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

*Douris v. Middletown Twp.*, 293 F. App'x 130, 131-32 (3d Cir. 2008) (per curiam) (footnote omitted).

The litigant seeking to proceed *in forma pauperis* must establish that the litigant is unable to pay the costs of suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) ("Section 1915 provides that, in order for a court to grant *in forma pauperis* status, the litigant seeking such status must establish that he is unable to pay the costs of his suit."). "In this Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence. [The court must] review the affiant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis*." *Deutsch*, 67 F.3d at 1084 n.5 (internal citations omitted).

Here, after reviewing the IFP Application, it appears that Chain is unable to pay the costs of suit. Therefore, the court will grant him leave to proceed *in forma pauperis*.

**B.** **Standard of Review of Complaints Under 28 U.S.C. § 1915(e)(2)(B) and Sua Sponte Review for Subject-Matter Jurisdiction**

Because the court has granted Chain leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief"). A complaint

3

is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch*, 67 F.3d at 1085. As for whether a complaint is malicious, "[a] court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).

Concerning the analysis under section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted). In addressing whether a *pro se* plaintiff's complaint is frivolous or fails to state a claim, the court must liberally construe the allegations in the complaint. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011) (explaining that "when presented with a *pro se* litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).

4

The court also has the authority to examine subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). As a plaintiff commencing an action in federal court, Chain bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### C.  Analysis

Chain indicates that he is invoking the court's federal-question jurisdiction to bring this lawsuit and that he is attempting to assert claims based on purported violations of the Eighth, Thirteenth, and Fourteenth Amendments of the United States Constitution. *See* Compl. at 2. The court has interpreted Chain's allegations as an attempt to bring an action under 42 U.S.C. § 1983. To succeed on such a claim,

> a plaintiff must show a deprivation of a right secured by the Constitution and laws of the United States, and he must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 47, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The color-of-state-law requirement is a threshold issue; "there is no liability under § 1983 for those not acting under color of law." *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). To show that the defendant acted under color of state law, a litigant must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health System, Inc.*, 371 F.3d 165, 169 n. 1 (3d Cir. 2004).

*Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 67 (3d Cir. 2006) (per curiam).

The "touchstone" of the state-action inquiry centers on the proposition that "state action may be found if, though only if, there is such a close nexus between the [s]tate and the

5

challenged action that seemingly private behavior may be fairly treated as that of the [s]tate itself." *P.R.B.A. Corp. v. HMS Host Toll Rds., Inc.*, 808 F.3d 221, 224 (3d Cir. 2015) (internal quotation marks and citations omitted). The Third Circuit has

> outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists:
>
> (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the [s]tate has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."

*Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotation marks and citation omitted).

In the complaint, there are no allegations that would support a cause of action under section 1983 against the defendants. Chain has failed to include a single allegation plausibly supporting a finding that the defendants are state actors. *See, e.g.*, *Bailey*, 188 F. App'x at 67-68 (concluding that defendant bank was not state actor despite arguments by plaintiff that government extensively regulated bank, and bank called police to address possible disturbance created by plaintiff); *Swope v. Northumberland Nat'l Bank*, No. 4:13-CV-2257, 2014 WL 4716944, at *5 (M.D. Pa. Sept. 22, 2014) ("[T]he Third Circuit Court of Appeals has repeatedly found that constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors." (citations omitted)). Therefore, Chain has failed to state a claim against the defendants that would entitle him to relief under section 1983.

While unclear, Chain may also be raising tort claims under state law. Because the court has dismissed Chain's federal claims, the court will not exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if— . . . **(3)** The district court has dismissed all claims over which it has original jurisdiction[.]"). Therefore, the only independent

basis for jurisdiction over any such claims is the diversity jurisdiction statute, which grants a district court original jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). Here, the complaint suggests that Chain is a citizen of Pennsylvania, as is Gross. *See* Compl. at 1, 2. He fails to provide any information regarding the citizenship of First Commonwealth FCU. Thus, it is unclear that complete diversity exists in this case. Accordingly, Chain has failed to satisfy his burden of demonstrating that the court has subject-matter jurisdiction over any state law tort claims he may be raising.

### III. CONCLUSION

For the foregoing reasons, the court will (1) grant Chain leave to proceed *in forma pauperis*, (2) dismiss with prejudice Chain's claims brought under 42 U.S.C. § 1983 because the defendants are not state actors, and (3) dismiss without prejudice any purported state-law tort claims for lack of subject-matter jurisdiction.[2] Chain has leave to either (1) file an amended complaint in this matter, if he can cure the defects noted above by properly and adequately

---

[2] A district court should generally provide a pro se plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). In particular, the court notes that "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Here, the court is dismissing Chain's purported section 1983 claims with prejudice because providing Chain with leave to amend these claims would be futile.

alleging the parties' citizenship to demonstrate that the parties are completely diverse and that the amount in controversy is truly more than $75,000, or (2) refile his claims in state court.

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.